# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-08-00252-CR

**Bobby Lee Espinoza, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 56959, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

In 2004, appellant Bobby Lee Espinoza pled guilty to tampering with physical evidence and was placed on deferred adjudication for five years. *See* Tex. Penal Code Ann. § 37.09 (West Supp. 2008). In 2007, the State filed a motion to adjudicate, alleging various violations of her deferred-adjudication conditions. Appellant pled true to the State's allegations without an agreement on punishment, and after a hearing, the trial court sentenced her to ten years' imprisonment.

Appellant's appointed attorney has filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 743-44 (1967), by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Anders*, 386 U.S. at 743-44; *High v. State*, 573 S.W.2d 807, 811-13 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).

Appellant's attorney sent appellant a copy of the brief and advised her that she had the right to examine the record and file a pro se brief. *See Anders*, 386 U.S. at 744; *Jackson v. State*, 485 S.W.2d 553, 553 (Tex. Crim. App. 1972). No pro se brief has been filed.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. Appellant pled true both to the underlying offense and to the State's allegations of violations of conditions, stating that she understood and waived her rights and that she understood the range of possible punishment. We find nothing in the record that might arguably support the appeal. We grant counsel's motion to withdraw and affirm the judgment of conviction.[1]

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: August 27, 2008

Do Not Publish

_____

[1] No substitute counsel will be appointed. Should appellant wish to seek further review of her case by the court of criminal appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. *See generally* Tex. R. App. P. 68-79 (governing proceedings in the Texas Court of Criminal Appeals). Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date this Court overrules the last timely motion for rehearing filed. *See* Tex. R. App. P. 68.2. The petition must be filed with this Court, after which it will be forwarded to the court of criminal appeals along with the rest of the filings in the cause. *See* Tex. R. App. P. 68.3, 68.7. Any petition for discretionary review should comply with rules 68.4 and 68.5 of the rules of appellate procedure. *See* Tex. R. App. P. 68.4, 68.5.